UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY JETT,

                  Plaintiff,

v.                                                                     Case No. 25-cv-1066-pp

JANE DOE,

                  Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 26)**

On September 16, 2025, the court screened plaintiff Rodney Jett's complaint under 42 U.S.C. §1983, dismissed defendants Sergeant Haupt and HSU Manager Utter and allowed the plaintiff to proceed on an Eighth Amendment claim against Nurse Jane Doe. Dkt. No. 13. The court added Green Bay Correctional Institution Warden Chris Stevens as a defendant for the limited purpose of helping the plaintiff identify the Doe nurse and ordered the plaintiff to identify her within sixty days of Warden Stevens's attorney appearing. Id. at 8–9.

Since the court entered the September 16, 2025 order, the plaintiff has filed two notices of appeal of the court's order dismissing defendants Haupt and Utter. Dkt. Nos. 15, 18. The Seventh Circuit Court of Appeals has opened two cases for the plaintiff's appeals. Dkt. Nos. 21, 22.

Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If an incarcerated person does not have the money to pay the $605 appellate filing fee in advance, he can ask the court's permission to proceed without

prepaying. For the court to consider such a request, the incarcerated person must complete a petition and affidavit and return it to the court, along with a certified copy of his institutional trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's institutional account or the average monthly balance in the account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the court receives the initial partial appellate filing fee, the plaintiff must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the plaintiff collects the money and sends payments to the court.

There are three grounds for the court to deny an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, the incarcerated person filed the appeal in bad faith or the incarcerated person has three strikes. See 28 U.S.C. §§1915(a)(2)–(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219–20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S.

438, 445 (1962). An appeal taken in bad faith is one that is based on a frivolous claim, which means it is based on a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court has not entered judgment in this case, and the September 16, 2025 order was not a final, appealable order. The court's screening order allowed the plaintiff to proceed and dismissed only two of the defendants named in his complaint. The Court of Appeals does not have jurisdiction to review a non-final screening order dismissing some defendants but allowing the plaintiff to pursue his claim against another. See Goodman v. Williams, Case No. 23-3039, 2025 WL 369240, at *3 (7th Cir. Feb. 3, 2025). Appeals from non-final orders are permissible in only rare situations. See 28 U.S.C. §1292. Section 1292(b) provides, in part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. §1292(b). The court did not include in the September 16, 2025 order a finding that an interlocutory appeal would be proper. And the plaintiff has not demonstrated that there is a substantial ground for a difference of opinion about a controlling question of law or that his appeal will materially advance the litigation. His appeals have *delayed* this litigation. The plaintiff may appeal the court's dismissal of defendants Haupt and Utter only after the court enters final judgment against all parties.

The plaintiff's appeals were not taken in good faith. The court will deny his request to proceed on appeal without prepaying the filing fee. He may

proceed in his appeals only if he pays the $605 filing fee for each appeal as explained below.

There is one final matter for the court to address. On October 16, 2025, the court received from the plaintiff a letter stating that he had written to Warden Stevens but had not received a response. Dkt. No. 23. But the court explained in the September 16 screening order that to learn the identity of the Doe nurse, the plaintiff would need to serve discovery on the *attorney* for Warden Stevens after that attorney filed a notice of appearance. Dkt. No. 13 at 8–9. On October 17, 2025, Attorney Alexander J. Thillman from the Wisconsin Department of Justice filed a notice of appearance on behalf of Warden Stevens; before that date (and at the time the plaintiff sent his letter to the court) there was not yet anyone for the plaintiff to write to about the identity of the Doe nurse. Now that Attorney Thillman has filed a notice of appearance, the plaintiff has until December 16, 2025 to contact Attorney Thillman, ask for information about the identity of the Doe nurse and, once he receives the information, file a motion to substitute the identity of the Doe nurse. If the plaintiff fails to identify the Doe nurse by December 16, 2025, as the court explained in the previous order, the court will dismiss this case for his failure to diligently pursue it.

The court **DENIES** the plaintiff's motion for leave to proceed on appeal without prepayment of the filing fee. Dkt. No. 26.

The court **ORDERS** that if the plaintiff wishes to proceed with his appeals, he must pay the full $605 appellate filing fee **for each appeal**—$1,210 total—by forwarding that amount to the Clerk of Court in time for the court to *receive it* by the end of the day on **November 28, 2025**. If the clerk does not receive the full $1,210 by the end of the day on November 28, 2025, the court

4

Case 2:25-cv-01066-PP   Filed 10/28/25   Page 4 of 5   Document 28

of appeals may dismiss the plaintiff's appeals. The plaintiff must identify the payments by the case name and number.

The court will electronically provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

The court **ORDERS** that if by the end of the day on **December 16, 2025**, the court has not received from the plaintiff a motion to substitute the identity of the Jane Doe Nurse, the court will dismiss this case for the plaintiff's failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin this 28th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**