UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY JETT,

      Plaintiff,

v.              Case No. 25-cv-1066-pp

JANE DOE, *GBCI Nurse,*
and CHRISTOPHER STEVENS,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 29), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RE-ADD DEFENDANTS (DKT. NO. 30), GRANTING PLAINTIFF'S MOTION TO SUBMIT JANE DOE NURSE (DKT. NO. 34) AND DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT (DKT. NOS. 37, 38)**

---

  Plaintiff Rodney Jett, who is incarcerated at Columbia Correctional Institution and is representing himself, filed this case alleging violations of his civil rights. On September 16, 2025, the court screened the plaintiff's complaint, dismissed defendants Sergeant Haupt and HSU Manager Utter and allowed the plaintiff to proceed on an Eighth Amendment claim against Nurse Jane Doe. Dkt. No. 13. The court added Chris Stevens, the Warden of Green Bay Correctional Institution, as a defendant for the limited purpose of helping the plaintiff identify the Doe nurse and ordered the plaintiff to identify her within sixty days of Warden Stevens's attorney appearing. Id. at 8–9. This order addresses several motions the plaintiff has filed since.[1]

---

[1] The plaintiff filed two notices of appeal of the court's order dismissing defendants Haupt and Utter. Dkt. No. 15, 18. The court denied the plaintiff's motion for leave to appeal without prepaying the appellate filing fee, finding that the appeals were not taken in good faith. Dkt. No. 28 at 3-4. On January

1

## I. Motion to Compel (Dkt. No. 29)

On October 30, 2025, the plaintiff filed a motion to compel, in which he asks the court to order counsel for defendant Stevens to respond to his interrogatories so that he can identify the Jane Doe nurse. Dkt. No. 29. Stevens responds that counsel appeared for Stevens on October 17, 2025, less than two weeks before the plaintiff filed his motion to compel, and that he received the plaintiff's discovery requests on October 24, 2025. Dkt. No. 33 at 1. Stevens states that given this timeline, his response was not untimely as of the date the plaintiff filed his motion to compel. Id. at 1-2. He also states that he has mailed the plaintiff his response to the interrogatory, indicating that the on-call nurse for the date in question is believed to be "Jennifer Kilmer." Id. at 2.

Stevens's response to the plaintiff's discovery request was not untimely. Also, the plaintiff did not comply with the requirement that he confer with the opposing party before filing a motion to compel. See Federal Rule of Civil Procedure 37(a)(1). Finally, Stevens has responded to the plaintiff's discovery request. The court will deny the plaintiff's motion to compel.

## II. Motion to Re-Add Defendants Haupt and Utter (Dkt. No. 30)

The plaintiff has filed a motion to re-add defendants Haupt and Utter to the case. Dkt. No. 30 at 1. He contends that when it screened the complaint, the court erred in dismissing those defendants. Id. He states that Haupt did not report to staff when the plaintiff said he couldn't breathe, which violated the plaintiff's rights. Id. The plaintiff also states that Utter entered a false document that the plaintiff was seen for his asthma attack at 1:00 PM on September 16, 2022. Id.

---

8, 2026, the Court of Appeals for the Seventh Circuit dismissed the appeals for failure to pay the required filing fee. Dkt. No. 35.

Motions to reconsider are governed by Rule 54(b), which states that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [motion to dismiss defendants]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

Motions for reconsideration serve a very limited purpose in federal civil litigation: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In the screening order, the court determined that the complaint did not satisfy the subjective component for a claim against Sergeant Haupt. Dkt. No. 13 at 6.

> The plaintiff alleges that he told Haupt he was having difficulty breathing, and that Haupt contacted the HSU. Nurse Doe at the HSU told Haupt that the plaintiff could use his inhaler, and Haupt relayed that message to the plaintiff. A non-medical prison official like

3

> Sergeant Haupt is entitled to defer to the judgment of the HSU staff so long as he does not "ignore[ ] a prisoner's complaints" or disregard "an excessive risk to inmate health or safety." Arnett v. Webster, 658 F.3d 742, 755 (7th Cir. 2011) (citing Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)). The complaint does not allege that Haupt did either of those things. He did not ignore the plaintiff and instead addressed his concern, called the HSU and told the plaintiff that the nurse had instructed the plaintiff to use his inhaler for his breathing difficulties. Nor did Haupt disregard an excessive risk to the plaintiff's health. The plaintiff alleges that he repeatedly told Haupt that his inhaler did not work, that he could not breathe and that he needed to have HSU staff assess him. But Haupt reasonably could disbelieve the plaintiff's assertions that he could not breathe because he witnessed the plaintiff breathing, talking to him and repeatedly demanding to see the HSU. See Horshaw v. Casper, 910 F.3d 1027, 1029 (7th Cir. 2018) (no deliberate indifference where guard reasonably disbelieves prisoner's assertion). Because the complaint does not state a claim against Haupt, the court will dismiss him as a defendant.

Id.

The court also determined at screening that the complaint did not state a claim against HSU Manager Utter. Id. at 8.

> The complaint has not stated a claim against HSU Manager Utter. The plaintiff has not alleged that Utter was involved in his treatment on September 16, 2022. He says only that that she later provided information to the complaint examiner, who ultimately dismissed the plaintiff's complaint about the incident. Utter cannot be held responsible after-the-fact for the alleged misconduct of nursing staff. See Iqbal, 556 U.S. at 676; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible."). The plaintiff says that Utter provided documents to the complaint examiner showing that the plaintiff was seen in the afternoon of September 16, and that his vitals were normal. The plaintiff claims these documents are "falsified," but he then clarifies that the documents are accurate but unrelated to his difficulty breathing at night on September 16. Utter did not violate the plaintiff's rights by providing information to the complaint examiner related to the plaintiff's grievance, even if it was irrelevant or incorrect. See Saffold v. Fuller, Case No. 22-cv-1467, 2023 WL 3932855, at *11 (E.D. Wis. June 9, 2023) (citing Reimann v. Frank, 397 F. Supp. 2d 1059, 1076 (W.D. Wis. 2005)) ("Misleading an inmate complaint examiner is unprofessional, but it does not

violate the plaintiff's constitutional rights."). The court will dismiss Utter as a defendant.

Id.

The plaintiff has not shown that the court erred in dismissing Utter. As explained in the screening order, she cannot be held responsible for Nurse Doe's alleged conduct. Likewise, Utter's alleged action of providing information to the complaint examiner does not violate the plaintiff's constitutional rights.

But on review of the plaintiff's allegations against Haupt, the court concludes that the plaintiff *has* stated a claim against him. Although Haupt allegedly called Nurse Doe and followed her suggestion to give the plaintiff his inhaler when he said he couldn't breathe, Haupt took no action after the plaintiff said he still couldn't breathe after using his inhaler. These allegations state a plausible Eighth Amendment claim that Haupt acted with deliberate indifference to the plaintiff's serious medical need. The court agrees with the plaintiff that it should have allowed the plaintiff to proceed on an Eighth Amendment claim against Haupt.

The court will grant in part and deny in part the plaintiff's motion to add Haupt and Utter as defendants. The court will grant the motion as to Haupt and deny the motion as to Utter.

### III. Motion to Submit Jane Doe Nurse (Dkt. No. 34)

The plaintiff filed this motion to identify the Jane Doe nurse as Jennifer Kilmer. Dkt. No. 34. The court will grant the plaintiff's motion.

### IV. Motion for Entry of Default and Default Judgment (Dkt. Nos. 37, 38)

The plaintiff moves for entry of default against Jennifer Kilmer based on her failure to respond to the complaint. Dkt. No. 37. He also moves for default judgment against Kilmer for violation of his constitutional rights. Dkt. No. 38. Although the court had not ordered service on defendant Kilmer, she filed an

5

answer to the complaint along with a response to the plaintiff's default motions. Dkt. No. 44. Defendant Kilmer is not in default. See Fed. R. Civ. P. 55. The court will deny the plaintiff's motions.

**V.     Plaintiff's Proposed Amended Complaint**

On February 18, 2026, the court received from the plaintiff a proposed amended complaint, naming Jennifer Kilmer as the only defendant. Dkt. No. 45. Because the court is reinstating defendant Haupt, the court will proceed using the plaintiff's original complaint and substituting defendant Kilmer for the Jane Doe nurse. *If the plaintiff wishes the court to proceed using his proposed amended complaint, he must so inform the court.* There is no need for the plaintiff to file another proposed amended complaint simply to change the caption to reflect the correct defendants.

**VI.    Conclusion**

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 29.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to re-add defendants Haupt and Utter. Dkt. No. 30. The court **GRANTS** the motion as to Haupt and **DENIES** the motion as to Utter.

The court **VACATES** that portion of its screening order (Dkt. No. 13) that dismissed defendant Haupt. The court **DIRECTS** the clerk's office to modify the docket to reinstate Haupt as a defendant.

The court **GRANTS** the plaintiff's motion to submit Jane Doe nurse. Dkt. No. 34.

The court **DIRECTS** the clerk's office to substitute Jennifer Kilmer for the Doe placeholder.

The court **DISMISSES** defendant Christopher Stevens, who was named for the limited purpose of helping the plaintiff identify the Doe defendant.

The court **DENIES** the plaintiff's motion for entry of default. Dkt. No. 37.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 20th day of February, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**